602 A.2d 423

**Jean A. DANCISON, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PENN HILLS SENIOR HIGH SCHOOL CLAIMS MANAGEMENT SERVICES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 1991.

Decided Jan. 10, 1992.

Richard J. Schubert, for petitioner.

Michael D. Sherman, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal by Jean A. Dancison (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision of August 31, 1989 to reinstate benefits to Claimant.

The following facts are pertinent. On May 30, 1984 Claimant sustained an injury to her left shoulder in the form of a rotation cuff tendonitis. At that time she had been employed by Penn Hills Senior High School (Employer) as a cosmetology teacher. Prior to this injury, in February 1984, Claimant had resigned her position, said resignation to

become effective June 4, 1984 (the end of the school term).[1] The reasons given for the resignation were "her welfare and future plans to become a homemaker and wife." On June 25, 1985 (approximately one year after retiring) Claimant filed a claim petition alleging disability as of June 4, 1984 (the effective date of her retirement) due to the May 30, 1984 injury. The referee, on January 12, 1987 (First Decision), granted total disability for the closed period from April 10, 1985 to May 1, 1986 and *suspended* benefits thereafter because Claimant was able to return to her regular job without restrictions or limitations. Whether she actually returned to work is unclear. The Board affirmed this decision *and no further appeal was taken.*

On June 4, 1987 Claimant petitioned to reinstate her benefits. The referee reinstated total disability benefits effective April 22, 1987 (Second Decision) because he found that while Claimant could return to her pre-injury job *with restrictions,* that job was no longer available and Employer had failed to prove any other available job. On appeal the Board for reasons discussed in this opinion reversed.

Claimant appealed to this Court raising several issues which we shall deal with seriatim keeping in mind that our scope of review in this case is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

■ Claimant first asserts that the Board erred in requiring her to demonstrate that her condition had worsened. We agree. It is well settled that a claimant seeking to have suspended benefits reinstated must show only that his earning power is again "adversely affected by his disability" and "that the disability which gave rise to his original claim, in fact, continues." *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 34, 584 A.2d 301, 305 (1990). The claimant need not prove that his condition has

---

1. Claimant was approximately fifty-eight when her retirement became effective.

changed for the worse. *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa.Commonwealth Ct. 204, 489 A.2d 284 (1985); *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa.Commonwealth Ct. 469, 466 A.2d 278 (1983). Thus, the Board in imposing such a requirement committed error.

█ Claimant next argues that the Board erred by reversing a credibility determination made by the referee. It is beyond challenge that unless the Board takes additional evidence the referee determines the weight of the evidence and credibility matters. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973). In the instant case the referee found credible the testimony of Dr. Cottington, Employer's doctor, who opined that Claimant's condition had worsened and that she could return to her time of injury job, but only with restrictions. Claimant's doctor, Dr. Foss, on the other hand, opined that Claimant's shoulder problem pre-dated her resignation and did not worsen thereafter. He also opined that Claimant could return to her time of injury job with restrictions. The Board cited Dr. Foss' testimony in support of its position that Claimant's condition had not worsened. Certainly this was error as the referee had relied on Dr. Cottington's testimony that Claimant's condition *had* worsened. It was also error because, as previously explained, Claimant, who was seeking to lift a suspension, was not required to demonstrate any worsening of her medical condition at all.

█ Claimant also contends that the Board committed error when it ruled that Employer need not show job availability because the referee found that Claimant could return to her pre-injury job *with restrictions* rather than needing a specially created job.[2] We agree that such a holding was clear error. The Board's distinction is merely

2. There is no question that when a specially created job ceases to exist the employer must demonstrate that another job is available within the claimant's limitations or benefits will be reinstated. *See, e.g., Busche.*

one of semantics. Where a claimant returns to her pre-injury job in modified form it is as if she is returning to a specially created job. In this case Claimant met her burden under *Pieper* to gain the reinstatement of suspended benefits. In order to avoid or reduce its liability Employer then needed to prove job availability. *Busche.* Since Claimant's pre-injury job was unavailable, Employer, in order to avoid the resumption of benefits, was required under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), to demonstrate, *inter alia*, a referral to a then open job which fits in the occupational category (such as light or sedentary work) for which Claimant had been given medical clearance.

Employer does not dispute it produced no evidence on job availability. Instead, it contends that because Claimant voluntarily retired (and hence made herself unavailable for work) for reasons unrelated to her injury, Employer should not have to prove job availability if Claimant ultimately changes her mind and decides to return to work. This argument actually goes to the propriety of the referee's First Decision to enter a suspension in a situation where Claimant retired for non-medical reasons. That decision was never appealed beyond the level where the Board affirmed it and it cannot be attacked now in these proceedings. To reiterate, Claimant's status quo at the time the instant round of litigation began was that of an employee whose benefits were suspended (whether rightly or wrongly). She has now proved not only that her disability continues, but that it has worsened and that she can return to her time of injury job only if it is modified.[3] It is not in dispute that Claimant's time of injury job has since been filled by another individual and Employer did not prove the availability of any other job which was within Claimant's ability to perform. Hence, the referee acted properly under *Pieper*

3. We note that under the circumstances of this case, such modification could be accomplished by ensuring that students in Claimant's class or other employees of Employer would perform the shelving, etc. that Claimant cannot do and which the referee in his Second Decision felt was practical.

in reinstating Claimant's benefits and the Board committed error in reversing.

Reversed.

## ORDER

NOW, January 10, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and benefits are ordered reinstated.