616 A.2d 1110

**John LATTA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LATROBE DIE CASTING CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 1992.

Decided Nov. 4, 1992.

362

Thomas P. Geer, for petitioner.

H. Reginald Belden, Jr., for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

This is an appeal by John Latta (Claimant) from part of the order of the Workmen's Compensation Appeal Board (Board)

which affirmed a referee's decision awarding Claimant total disability benefits beginning June 10, 1987, but denying benefits to Claimant from January 2, 1980 through June 10, 1987. We affirm.

The facts leading up to the present claim petition are set forth in *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting)* ("*Latta I* "), 98 Pa.Commonwealth Ct. 56, 510 A.2d 896 (1986), *petition for allowance of appeal denied,* 514 Pa. 637, 522 A.2d 1106 (1987), where this court affirmed that portion of a Board order denying Claimant total disability benefits after December 4, 1979.

Claimant filed the present reinstatement petition on March 27, 1987, alleging entitlement to total disability benefits beginning January 2, 1980. In support, Claimant presented his own testimony and the testimony of Dr. Roger Searfoss, who examined Claimant on September 12, 1980, and again on June 10, 1987.

The referee found the following. Dr. Searfoss determined at the June 10, 1987 examination that Claimant could not perform his pre-injury work, but he could perform light duty work, for which he had previously been released by Dr. Searfoss in 1977. Based upon the approval of light-duty work, Employer offered Claimant work, which was approved by Dr. Searfoss on April 21, 1988. Claimant did not actually begin work until November 28, 1988, however, because of physical conditions unrelated to his work injury.

The referee determined that Claimant was entitled to total disability payments beginning June 10, 1987, the date of Dr. Searfoss' examination of Claimant, until November 28, 1988, when Claimant actually began work, and beginning again on December 30, 1988, the date Claimant was laid off. As to Claimant's claim for benefits from January 2, 1980 through June 10, 1987, the referee determined that Claimant was not permitted to relitigate matters decided prior to the filing of his present claim petition on March 27, 1987 because these matters had been previously litigated in *Latta I.* Claimant appealed the referee's decision in part, alleging that he was entitled to total disability benefits from January 2, 1980

through June 10, 1987. The Board affirmed the referee. Claimant now appeals to this court.

On appeal, the issue raised by Claimant is whether the Board erred in determining that res judicata barred Claimant's claim for total disability benefits from January 2, 1980 through June 10, 1987. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether the referee's necessary findings of fact are supported by substantial evidence. *Wells–Moore v. Workmen's Compensation Appeal Board (McNeil Consumer Products, Co.)*, 144 Pa.Commonwealth Ct. 382, 601 A.2d 879 (1992).

Res judicata, or claim preclusion, is a generic term used by courts and litigants to refer to the various ways in which a judgment in an action will have a binding effect in a later action. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines)*, 142 Pa.Commonwealth Ct. 176, 597 A.2d 182 (1991), *petition for allowance of appeal granted*, 529 Pa. 659, 604 A.2d 251 (1992). The fundamental principle underlying res judicata is that a judgment should be conclusive as between the parties and their privies in respect to every fact which properly could have been considered in reaching the determination and in respect to all points of law relating directly to the cause of action and affecting the subject matter before the court. *Id.* Res judicata bars not only matters which were actually litigated, but also matters which could have been litigated at the first proceeding if they were part of the same cause of action. *Id.*

■ ■ Claimant argues that his claim for total disability benefits from January 2, 1980 through June 10, 1987 is not barred by res judicata because *Latta I* only addressed a period which ended December 4, 1979, and the present petition for reinstatement alleges a date of disability beginning January 2, 1980. A claimant seeking to have suspended benefits reinstated is required to show that his earning power is again affected by his disability, and that the disability which gave rise to his original claim, in fact, continues. *Dancison v. Workmen's Compensation Appeal Board (Penn Hills Senior*

*High School Claims Management Services)*, 145 Pa.Common-wealth Ct. 10, 602 A.2d 423 (1992). In order to establish a continuing disability, a claimant is required to produce un-equivocal medical testimony. *See Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990); *Latta I.*

■ The only medical evidence Claimant presented as to his disability in support of his present petition for reinstate-ment, was the testimony of Dr. Searfoss. Dr. Searfoss exam-ined Claimant on September 12, 1980, and then not again until June 10, 1987. However, the results of the September 12, 1980 examination, which Claimant wishes to introduce in the present case to support his claim for benefits beginning in 1980, are part of the first claim petition that Claimant filed in *Latta I.*

In *Latta I* Claimant petitioned for reinstatement of benefits beginning "as of October 20, 1979, and continuing to date," that date being the date of filing of the claim petition on March 12, 1982. Claimant's *Latta I* Claim Petition. More-over, the factual record in *Latta I* was not closed until March 3, 1983. Certainly, Claimant had available to him in *Latta I* the results of the September 12, 1980 examination, which he should have and could have used as evidence to sustain his burden. However, Claimant failed to produce this evidence,[1] and as a result the referee, and subsequently this court, determined that Claimant did not show that his disability continued after December 4, 1979. Therefore, Claimant can-not now use the results of the 1980 examination in support of his present petition to reinstate benefits because the state of Claimant's disability during the time period from October 20, 1979 until March 3, 1983 was already litigated in *Latta I.*

However, Claimant can use the results of Dr. Searfoss' June 10, 1987 examination, which establish Claimant's petition as a new claim for total disability benefits beginning on June 10,

---

1. In fact, Claimant states in his brief: "Truth was that the 9/12/80 examination by Dr. Searfoss was not used in the earlier proceedings because it was completely forgotten by the Claimant." Claimant's Brief at 7.

1987. *See Kanyan v. Workmen's Compensation Appeal Board (Helvetia Coal Co.),* 125 Pa.Commonwealth Ct. 173, 557 A.2d 792 (1989). Although Claimant's claim for disability from January 2, 1980 through March 3, 1983 is barred by res judicata, Claimant's second claim for disability benefits beginning on June 10, 1987 is not barred by res judicata.[2]

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, *November 4, 1992,* the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. I believe the majority erred in holding that a claimant whose benefits are suspended is obligated to produce medical evidence as to his already established partial disability.

On March 24, 1977, John Latta (Claimant) suffered a work-related injury to his right arm while employed by Latrobe Die Casting Company (Employer). He received workmen's compensation benefits until they were suspended because of his return to a "light duty" position. On October 20, 1979, Claimant and his fellow employees went on strike. After the strike ended, employees were called back to work in order of seniority. Because Employer had reduced his work force and he did not have sufficient seniority, Claimant was not called back to work. Claimant then filed a petition to reinstate benefits. After a hearing, the Referee found no continuing disability and his benefits remained suspended. Both the Workmen's Compensation Appeal Board and this court affirmed. *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.),* 98 Pa.Commonwealth Ct. 56, 510

---

**2.** Claimant also argues that the referee failed to make crucial findings of fact regarding Claimant's disability from January 2, 1980 through June 10, 1987. However, because of our resolution of the res judicata issue, we need not address this argument.

A.2d 896 (1986), *petition for allowance of appeal denied,* 514 Pa. 637, 522 A.2d 1106 (1987). (*Latta I* ).

On March 27, 1987, Claimant filed the present reinstatement petition alleging entitlement to benefits beginning January 2, 1980. Claimant's claim for reinstatement of benefits was based on two exams by Claimant's physician, the first on September 12, 1980, and the second on June 10, 1987. In both exams, Claimant's physician determined that, while Claimant could not perform his pre-injury job, he could perform light-duty work that he released Claimant to perform in 1977. The Referee found that Claimant was entitled to benefits beginning June 10, 1987, the date of the second exam, finding that Claimant was unable to perform his pre-injury work based upon the June 10, 1987 exam. The Referee, however, determined that any claim for benefits prior to the June 10, 1987 exam were precluded because those claims were litigated in *Latta I.* The Board affirmed.

The requirement that a claimant be required to produce new medical testimony to change his status in order to bring a second reinstatement petition is not in accord with what a claimant has to establish to reinstate suspended benefits. A claimant whose benefits are suspended is not obligated to produce medical evidence as to his already established partial disability. Implicit in a suspension is that claimant *is* and continues to be partially disabled.

While this case has a long history, the bedrock to any analysis of whether the claimant needs to provide medical testimony to show a change in status is the unquestionable and unchallenged fact that Claimant and Employer signed a *suspension* agreement on January 2, 1980, acknowledging that:

Claimant resumed work on 12–4–79, with an undetermined partial disability not reflected in loss of wages. Compensation benefits are hereby suspended from 12–4–79 until there is a change in the status of this case.

*Latta I,* 98 Pa.Commonwealth Ct. at 58, 510 A.2d at 897, quoting from the suspension agreement itself.

This means then that Claimant had a continuing and acknowledged medical injury, but that he was not "disabled" in the workmen's compensation sense of loss of wages and his benefits were, therefore, suspended. He, therefore, does not need medical testimony or medical evidence to re-establish that which was already agreed to and acknowledged; that he was still partially disabled and remained partially disabled.

As laid out rather clearly by the Supreme Court in *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 33–34, 584 A.2d 301, 305:

[I]t is presumed because with a mere suspension of benefits, there is no contention by any party that the liability of the employer has terminated. The only fact established at a suspension of benefits is that the *earning power* of a claimant has improved to a point where benefits are no longer necessary. Since the disability continues to exist, the liability of the employer for the injury has not terminated. Therefore, in these situations, the causal connection between the original work-related injury and the disability goes unquestioned.

. . . .

First, he must prove that through no fault of his own, his earning power is once again adversely affected by his disability. And second, that the disability which gave rise to his original claim, in fact, continues. He need not re-prove that the disability resulted from a work-related injury during his original employment, since its cause has never been at issue. However, because of the passage of time, the law does require that he prove by a preponderance of the evidence that it is the same disability that the law presumes occurred during his original employment and for which he initially received workmen's compensation benefits. In other words, that his disability has not ceased during the passage of time.

(emphasis in original.) (citations omitted.)

The citation in the majority opinion to the Supreme Court's opinion in *Pieper* to establish that medical evidence is *required* is flawed; because the Referee, the Board and the Court

"relied" upon such evidence in that case does not mean such evidence is required. And the Supreme Court did not say such evidence was required. To the contrary, the majority opinion accurately states what is required and medical evidence is not:

A claimant seeking to have suspended benefits reinstated is required to show that his earning power is again affected by his disability, and that the disability which gave rise to his original claim, in fact, continues. *Dancison v. Workmen's Compensation Appeal Board (Penn Hills Senior High School Claims Management Services)*, 145 Pa.Commonwealth Ct. 10, 602 A.2d 423 (1992).

Opinion, p. 1112.

The requirement that there be medical evidence imposed up to now has never been required, even to set aside a final receipt. For example, in *Shinkovec v. Workmen's Compensation Appeal Board*, 115 Pa.Commonwealth Ct. 81, 86, 539 A.2d 917, 919 (1988), we stated that a "claimant's testimony that he is still experiencing the effects of the original injury is sufficient evidence to award benefits." *See also Smith v. Workmen's Compensation Appeal Board (Futura Industries)*, 80 Pa.Commonwealth Ct. 508, 471 A.2d 1304 (1984); and *Goodyear v. Workmen's Compensation Appeal Board (Robbins Door and Sash Co.)*, 96 Pa.Commonwealth Ct. 647, 508 A.2d 637 (1986), and any number of other opinions.

Because the majority would place upon Claimant a burden to file a re-instatement claim that is inconsistent with the nature of a suspension by having he or she prove something already presumed, I would vacate the order of the Board and remand to the Referee to make findings as to whether Claimant established that he was disabled between March 3, 1983 and June 10, 1987, when he was able to return to work.