SLOANE NISSAN, Petitioner,

v.

WORKERS' COMPENSATION
APPEAL BOARD (ZEYL),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 21, 2003.
Decided April 10, 2003.

Edward R. Carpenter, Jr., Media, for petitioner.

Joseph R. Livesey and Kevin M. Livesey, Philadelphia, for respondent.

Before: COLINS, President Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Sloane Nissan (employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ's) decision granting the claim petition of Michael Zeyl (claimant). We are asked herein to examine the "to and from work doctrine rule." We affirm the Board's conclusion that an employee who is directed to leave the work place to change attire and who immediately returns to the workplace upon doing so is on a special mission for employer.

The Sloane Nissan car dealership has a general company dress code requiring employees to be attired in a suit coat and tie on weekdays, and allowing a more casual dress code on Saturdays, such as, a golf shirt with the Sloane Nissan logo and khakis. All agree that during the early days of July 1999, the air conditioning system at Sloane malfunctioned. Over the 4th of July weekend, claimant was on vacation with his wife and child and was unaware that as a result of the stifling conditions in the showroom, the weekend dress code of a Sloane golf shirt was in effect during the Monday–to–Friday work week. Claimant had attended a seminar on the morning of July 6 and went to work on July 7 at 4:00 p.m. The testimony of record is that during those two days claimant observed co-workers in casual attire and on the morning of July 8, 1999, scheduled to work 9:00 a.m. to 9:00 p.m., claimant went to work clad in a nondescript white golf shirt and trousers.

The general manager found claimant improperly attired and advised him to either purchase a shirt bearing the Sloane Nissan logo, or to return home and change into such a shirt. Claimant opted to return home but first called home and asked that his wife launder the Sloane Nissan shirt. While Mrs. Zeyl laundered the work-shirt, claimant remained at work. Around 1:30 to 1:45 p.m. claimant left the dealership, returned to his home, and changed into his golf shirt bearing the Sloane Nissan logo. On his way back to the office at approximately 2:00 to 2:15 p.m., claimant was involved in a horrific traffic accident leaving claimant hospitalized in a persistent vegetative state.

A claim petition was filed seeking benefits. Employer denied all material allegations set forth in the claim petition filed by Mrs. Zeyl. Employer denies liability, contending that claimant was not within the course and scope of his employment at the time of the July 8, 1999 car accident.

Based on the credible testimony of Mrs. Zeyl, and varying Sloane personnel, the WCJ found that the facts supported a conclusion that claimant was on a special mission for employer and, thus, within the course and scope of his employment at the time of the accident. The Board affirmed.

Employer has filed this petition for review raising the sole question of whether the Board erred as a matter of law in concluding that the claimant was on a special mission for his employer when he sustained his injuries on July 8, 1999. Employer argues that the employee handbook requires salespersons to be dressed in a dress shirt and tie during the work week, and to wear business casual attire on Saturdays, which attire consists of a polo shirt bearing the company logo. It is employer's contention that because claimant was dressed in violation of the company dress code, upon returning home, claimant was

furthering his own interests and not those of employer.

■ Whether an employee injured away from employer's premises sustained an injury in the course and scope of employment is a question of law to be reviewed based on the WCJ's findings of fact. *Wells Fargo Co. v. Workers' Compensation Appeal Board (Pacheco)*, 764 A.2d 1147 (Pa.Cmwlth.2000). The WCJ is the sole arbiter of the credibility and the weight of testimony and other evidence, and he or she is free to reject or accept the testimony of any witness in whole or in part. *Id.* So long as the findings of fact of the WCJ are supported by substantial evidence, they must be accepted as conclusive on appeal. *Dancison v. Workmen's Compensation Appeal Board (Penn Hills Senior High School Claims Management Services)*, 145 Pa.Cmwlth. 10, 602 A.2d 423, *petition for allowance of appeal denied*, 532 Pa. 666, 616 A.2d 987 (1992). The evidence must be reviewed by this Court in the light most favorable to the party prevailing before the WCJ, herein the claimant, and the Court must extend to that party the benefit of all inferences reasonably deducible from the evidence. *State Workmen's Insurance Fund v. Workmen's Compensation Appeal Board (Hoover)*, 680 A.2d 40 (Pa.Cmwlth.1996).

■ An injury sustained by an employee traveling to and from work is not compensable under the Act, unless (1) the employee's employment contract included transportation to and from work; (2) the employee had no fixed place of work; (3) the employee was on a special mission for the employer, or (4) special circumstances indicate that the employee was furthering the business of the employer. *Biddle v. Workmen's Compensation Appeal Board*

*(Thomas Mekis & Sons, Inc.)*, 539 Pa. 343, 346, 652 A.2d 807, 809 (1995).

■ Here, the WCJ found that while the claimant was away on vacation with his family, due to the extreme temperatures,[1] employer instructed its sales people to wear casual attire to work due to the inoperable air conditioning system. The WCJ found that upon returning from vacation, claimant went to work in a white golf shirt. The WCJ found that because the shirt did not bear the company's logo, at the direction of the employer, claimant returned home to change into a shirt bearing the company logo. The WCJ found that the trip to claimant's home was approximately 6.6 miles. The WCJ found that claimant returned home, did not eat lunch, changed into his recently laundered shirt, and began his trip back to the dealership. The conclusion that claimant arrived at work in a white golf shift, and returned home at the direction of his employer to change into a gold golf shirt bearing the Sloane Nissan logo was clearly in furtherance of the employer's interest. Further, since claimant was to return to the workplace upon changing into the Sloane Nissan shirt, the WCJ's finding that claimant was on a special mission for employer is supported by the evidence of record. *Bradshaw v. Workmen's Compensation Appeal Board*, 163 Pa.Cmwlth. 486, 641 A.2d 664 (1994). We therefore conclude the Board committed no error in the affirming the WCJ's grant of benefits.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 10th day of April 2003, the order of the Workers' Compensation

---

1. According to Penn State University's College of Earth and Mineral Sciences the temperature for July 5, 1999 reached 100 degrees, with a low of 81 degrees. On July 6, 1999 the high was 98 degrees, on July 7 and 8 the high was 91 degrees.

Appeal Board in the above-captioned matter is affirmed.