George L. FONDER, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (FOX INTE-
GRATED), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 2003.

Decided Feb. 11, 2004.

Mark A. Hoffman, Harleysville, for petitioner.

Michael T. Hamilton, Philadelphia, for respondent.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by George L. Fonder (Claimant) from an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of a Workers' Compensation Judge (WCJ) denying Claimant's claim petition. We are asked to determine whether the Board and WCJ erred when they concluded that Claimant was not in the course and scope of his employment at the time of his injury, which emanated from a vehicle accident.

■ Claimant was an over-the-road dispatcher for Fox Integrated (Employer). He had a fixed place of work at Employer's terminal in Hatfield, Pennsylvania. His job duties, as a truck driver, required him to spend part of his time at the beginning and end of every delivery cycle on Employer's premises inspecting his tractor-trailer and receiving dispatches. Shortly after midnight, on June 22, 2000, Claimant was driving home from Employer's Hatfield terminal in his own vehicle in order to sleep, shower and change clothes before returning back to the terminal for his next run.[1] While driving, he fell asleep at the wheel, hit a tree and sustained serious injuries to his pelvic area. He had been on duty for at least ten hours the day before the accident, and had returned to Hatfield from Hagerstown, Maryland after picking up a return load there. The WCJ specifically found that, although Claimant could have slept in his tractor-trailer

---

1. There is considerable dispute as to when Claimant would have needed to report, because there is disagreement as to the time his next load was to be received for delivery in Pocomoke City, Maryland, a point approximately three and one half hours from the Hatfield dispatch location. The problem is Employer's Exhibit D–6, a "Load Sheet," which contains alterations and which was generated after the accident date. However, Claimant, never raised any objections to the efficacy of the exhibit before the Board on appeal, and so that issue is now waived.

(which contained a bed), he chose not to do so.

The WCJ concluded that Claimant was not in the course and scope of employment when injured and, therefore, denied the claim petition. The Board affirmed and Claimant appealed to this Court.

■ In a claim petition proceeding, the claimant bears the burden to prove that his injury arose during the course and scope of employment. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 94 Pa.Cmwlth.540, 503 A.2d 1096 (1986). Whether one is acting within the scope of employment at the time of the injury is a legal question to be determined from the factual findings and is subject to our plenary review. *Williams v. Workers' Compensation Appeal Board (Matco Electric Company, Inc.)*, 721 A.2d 1140 (Pa. Cmwlth.1998), *petition for allowance of appeal denied,* 559 Pa. 685, 739 A.2d 547 (1999). Where, as here, the injury occurred off of the employer's premises, the employee must show that he was injured "while actually engaged in the furtherance of the employer's business or affairs...." *Workmen's Compensation Appeal Board v. United States Steel Corporation (Slaugenhaupt)*, 31 Pa.Cmwlth.329, 376 A.2d 271, 273 (1977). Generally, under the so-called "coming and going rule," injuries received by an employee while traveling to and from work are not compensable because, in such cases, the employee is neither on the employer's premises nor engaged in the furtherance of the employer's affairs. *Peer.*

On appeal, Claimant asserts two alternative theories for recovery. First, he contends that he is not barred from receiving benefits by the coming and going rule,

because he was acting in the furtherance of Employer's business prior to the accident. His theory is that because he had been engaged in work-related activities for the forty-eight hours before the accident,[2] and those activities caused his fatigue, the resulting fatigue-related injury should be regarded as work related. Alternatively, he argues that he falls within two possible exceptions to the coming and going rule: the "special circumstances" exception or the "special mission" exception.

■ Regarding the first theory, Claimant cites to no cases advancing the notion he suggests, *i.e.,* that one should be entitled to workers' compensation benefits if, knowing he is exhausted, he chooses to drive a vehicle and is involved in an accident. He also contends that Employer knew he was working hard and wanted him to do so. However, the WCJ did not find Claimant credible. Furthermore, public policy precludes holding that self-induced exhaustion that gives rise to a work related injury should be compensable and, accordingly, we decline to rule that one who pushes himself beyond his endurance by refusing to rest or sleep should receive benefits for a work-related injury attendant to his exhaustion.

■ Alternatively, Claimant relies on two possible exceptions to the coming and going rule. One exists where there are "special circumstances," such that the employee was furthering the business interests of the employer. *Setley v. Workmen's Compensation Appeal Board (Kawecki Berylco Industries)*, 69 Pa.Cmwlth.241, 451 A.2d 10 (1982). Claimant cannot prevail under this exception because, in order to do so, he must have been involved in an act **ordered by the employer;** he cannot

---

**2.** Claimant stated that on June 19th he was on duty from 7:00 a.m. until 7:00 p.m., on June 20th from 3:00 a.m. until 7:00 p.m., and on June 20th from 2:00 a.m. until he finished around midnight on June 22nd.

be performing the act merely for his convenience. *Williams,* 721 A.2d at 1145. Here, the admitted purpose of Claimant's drive home was to shower, sleep and change clothes. Employer did not order Claimant to go home and take these actions, unlike in *Sloane Nissan v. Workers' Compensation Appeal Board (Zeyl),* 820 A.2d 925 (Pa.Cmwlth.2003), where a car salesman was ordered to go home and change his shirt to one bearing the company logo. Although Claimant argues that he was expected to be "cleaned, rested and in new clothes" (Brief at 16), that is no more than is typically required by any employer, and did not specially further Employer's business.[3]

■ Claimant also, alternatively, relies on the special mission exception to the coming and going rule. To support this theory, Claimant relies on *Bradshaw v. Workmen's Compensation Appeal Board (Bell Hearing Aid Center),* 163 Pa. Cmwlth.486, 641 A.2d 664 (1994), where an employee who worked as a hearing aid fitter and who was between appointments for hearing evaluations at two nursing homes within the same geographic area, intended to stop at home to eat dinner, rather than at a local restaurant. While heading home for the brief stop, she was injured in a vehicle accident. The Court found that the employee fell within the "special mission" exception to the coming and going rule, because the employer had recently directed its employees to "get out of the office and solicit business." We do not have those facts present here. Rather, in this case, the record supports the finding that Employer expected Claimant to comply with federal laws regarding the amount of time a driver must rest between trips, rules with which Claimant did *not* comply and, thus, his driving beyond the limits of endurance was certainly not a special mission for Employer's benefit. Similarly, *Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse),* 718 A.2d 397 (Pa.Cmwlth. 1998), upon which Claimant also relies, is not helpful because, there, a physician was injured in a vehicle accident when, after having made her hospital rounds, she was driving directly to her office, not to her home. Thus, she was determined to be acting within the course and scope of her employment. This case is, thus, not on point either.

■ Moreover, under the special mission exception, one must be *"on* a mission" for his employer. Claimant, however, asserts only that he was *"between* missions." (Claimant's Brief at 16) (emphasis added). Thus, by the language of his own argument, he does not bring himself within the rule. Essentially, Claimant was returning home from his fixed place of work to eat and sleep before returning to work for his next shift, as countless people do every day. This does not constitute a "special mission."

Having concluded that Claimant was not, as matter of law, within the course and scope of employment at the time his accident, we affirm the Board's order denying benefits.

---

**3.** Claimant relies on *Lenzner Coach Lines v. Workmen's Compensation Appeal Board (Nymick),* 158 Pa.Cmwlth.582, 632 A.2d 947 (1993), where a bus driver was required to bath daily in order to maintain a presentable appearance. In that case the claimant, while on a layover and on standby, was injured when he stepped into a hotel bathtub to shower. He was held to be acting in furtherance of the employer's business at the time. In this case, however, Claimant was on his way home from a fixed place of business, not in a hotel, and there are no findings that Claimant was required to return home immediately to bathe, sleep or change clothes.

## ORDER

**NOW,** February 11, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.