# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Allied Fire Protection Systems | : | |
| and Zurich American | : | |
| Insurance Company, | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 1975 C.D. 2016 |
| | : | SUBMITTED: April 28, 2017 |
| Workers' Compensation | : | |
| Appeal Board (Warner), | : | |
| Respondent | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED: August 25, 2017**

Allied Fire Protection Systems and Zurich American Insurance Company (Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of a Workers' Compensation Judge (WCJ) granting the fatal claim petition of Nancy Warner (Claimant) with respect to the death of her husband Scott Warner (Decedent). The sole issue on appeal is whether the Board erred in determining that Decedent was in the course and scope of his employment at the time of his motor vehicle accident under Section 301(c) of the Workers' Compensation Act.[1] We affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411.

Decedent served as a vice president and project manager for Employer, a fire protection business that installed sprinklers in commercial, residential, and industrial settings. Having worked for Employer for twenty-seven years, Decedent had an office in Falconer, NY, where Employer's president calculated he spent eighty percent of his time. December 14, 2015, Decision of WCJ, Finding of Fact (F.F.) No. 6. Decedent's typical day started at 7:00 a.m., after which there would be a supervisory meeting where everyone met and discussed the duties for the day. Decedent would then meet with his design assistant and work on various submissions. In addition, he might work on hydraulic calculations or have conversations with customers. Decedent also spent twenty percent of his time traveling to job sites. He usually began the day at the office and ended it there, even if he travelled to job sites during the course of the day. Although he was not required to stop at work before traveling to a job site, that was typically his practice depending on the proximity of the job. *Id*.

On the morning of December 20, 2012, Claimant spoke with Decedent very briefly at which time he relayed that he would be heading out to bid a job at Rouse Estates in Youngsville, PA. Having been married since 1981, Claimant acknowledged that Decedent had pre-existing hypertension and coronary artery disease but credibly testified that he seemed fine when she spoke with him that morning. *Id*., No. 5. Decedent left his home in a company vehicle and was en route to Rouse Estates when he was involved in a motor vehicle accident. *Id*. Despite driving a company vehicle, Decedent normally used his personal vehicle for business and submitted mileage reimbursement requests. *Id*., Nos. 6 and 17. At that time, however, Decedent had requested the use of a company vehicle due to difficulties with his personal truck. *Id*., No. 6.

2

After the accident, Decedent was transported to Warren Hospital and then life-flighted to UPMC Hamot where the on-call trauma surgeon, Dr. Paul J. Malaspina, ascertained that Decedent was bleeding both inside his skull and abdomen. Despite life-saving efforts, Decedent succumbed to his injuries the next day. Dr. Malaspina readily acknowledged that Decedent might have suffered a stroke before his motor vehicle accident, but opined that he died as a result of the injuries that he sustained in the accident in combination with having a stroke. *Id*., No. 18. In any event, the WCJ accepted the doctor's opinion that the injuries Decedent sustained in the accident were a significant contributing factor in his death and that determination is not at issue in the present case. *Id*., No. 10.

In December 2014, Claimant filed a fatal claim petition (1) alleging that Decedent died in a December 2012 automobile accident as a result of an intra-abdominal hemorrhage and a cerebrovascular accident in the course and scope of his employment; and (2) seeking indemnity benefits and reimbursement for funeral expenses. Employer filed a timely answer denying the material allegations of the petition. The WCJ granted the petition, determining that Decedent was on a special mission for Employer and furthering its business on the date of the accident. The Board affirmed on different grounds, concluding that Claimant was a traveling employee at the time of his accident. Employer's petition for review followed.[2]

The claimant in a fatal claim petition bears the burden of proving all of the criteria necessary to support an award, including an injury arising in the

---

[2] The question of whether an employee is acting within the course and scope of employment at the time of injury or death is a legal question to be determined from the factual findings and is subject to this Court's plenary review. *Fonder v. Workers' Comp. Appeal Bd. (Fox Integrated)*, 842 A.2d 512, 514 (Pa. Cmwlth. 2004).

course of employment resulting in the decedent's death. *Reading Anthracite Co. v. Workers' Comp. Appeal Bd. (Felegi)*, 789 A.2d 404, 408 (Pa. Cmwlth. 2001). Pursuant to the "going and coming rule," injuries that an employee sustains while traveling to and from work are not compensable because he is neither on the employer's premises nor engaged in the furtherance of its affairs. *Peer v. Workmen's Comp. Appeal Bd. (B & W Constr.)*, 503 A.2d 1096, 1098 (Pa. Cmwlth. 1986). Accordingly, in order to establish that an off-site injury or death occurred during the course of employment, a claimant must establish one of four exceptions: (1) the employee's contract includes transportation to and from work; (2) the employee has no fixed place of work (traveling employee); (3) the employee is on a special mission for employer; or (4) special circumstances exist such that the employee was furthering the employer's business. *Wachs v. Workers' Comp. Appeal Bd. (Am. Office Sys.)*, 884 A.2d 858, 861-62 (Pa. 2005).

In the present case, the WCJ invoked both the special mission and the special circumstances exceptions. Specifically, the WCJ determined that Decedent was on a special mission for Employer and also was furthering its business by bidding the job and doing so before going to his office, thereby avoiding backtracking and further time and expense to Employer. We agree with the WCJ that Decedent was furthering Employer's business on the morning of the accident such that the catch-all special circumstances exception to the going and coming rule was satisfied.[3] Accordingly, we need not address the other two exceptions cited by the WCJ and the Board.

---

[3] Employer raised and/or preserved challenges only to the special mission and traveling employee exceptions in its petition for review. However, it is well settled that this Court may affirm for any reason and is not limited to grounds raised by the parties. *McAdoo Borough v. Pa. Labor Relations Bd.*, 485 A.2d 761 (Pa. 1984) (citing *Commonwealth v. Meyer,* 412 A.2d 517 **(Footnote continued on next page…)**

4

In concluding that Decedent was furthering Employer's business at the time of his accident, the WCJ as the ultimate factfinder considered all of the circumstances garnered from the credible evidence and determined that Decedent was "furthering the business affairs of his Employer by bidding the job and also by doing this before going to his office in Falconer, New York rather than traveling all the way [there] and then turning and backtracking to Rouse Estates thus causing further time and expense for his Employer." Conclusion of Law No. 5. In support, the WCJ referenced the president's testimony on cross-examination that, if Decedent was going to Rouse Estates, it would have been related to his job duties and not for personal reasons.[4] The WCJ also cited Claimant's testimony that Decedent relayed to her that he was going directly from home to the job site. Accordingly, given what can be characterized as the special circumstances of the relative locations of Decedent's home to Employer's office and Rouse Estates, Decedent was furthering Employer's business at the time of his accident and, therefore, Claimant satisfied the fourth exception to the going and coming rule.

Although *William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 464 A.2d 675, 678-79 (Pa. Cmwlth. 1983), involved two exceptions to the going and coming rule (special circumstances such that employee was furthering employer's business and the employee's employment contract included transportation) we find it to be instructive. *Rittner* involved a stationary employee who was fatally injured while driving a company vehicle to work. We

_____

**(continued…)**
(Pa. 1980); *Commonwealth v. Dancer,* 331 A.2d 435 (Pa. 1975); *Gilbert v. Korvette, Inc.,* 327 A.2d 94 (Pa. 1974); *Prynn Estate,* 315 A.2d 265 (Pa. 1974); *Concord Twp. Appeal,* 268 A.2d 765 (Pa. 1970)).

[4] The only portion of the president's testimony that the WCJ discredited was his opinion that Decedent was traveling from home to Employer's office at the time of the accident. F.F. No. 17.

5

concluded that the circumstances as a whole, the need to have the vehicle constantly available to respond to emergencies in the operation of the employer's business, constituted the requisite special circumstances to support the conclusion that the decedent was in the scope and course of his employment at the time of the accident. In addition, we determined that, even if the claimant was required to establish that the decedent was actually engaged in a work assignment at the time of the accident, she could have done so in light of the undisputable fact that it was necessary for him to drive the van back and forth each day to work in order to comply with employer's requirement that he be available to respond to emergencies at any time during the day or night.

The instant case presents even stronger facts than those in *Rittner*. Decedent was headed to a job site for business purposes and the WCJ determined that the relative distances and locations indicated that his endeavor benefited Employer and furthered its business. As the president testified, although Decedent usually began his day at the office and ended the day there, he was not required to stop at work before traveling to a job site, but that was typically his practice depending on the proximity of the job. In other words, Decedent might go to the job site first depending on the circumstances. In that regard, even though the WCJ did not use the magic words "special circumstances" in describing the respective locations and distances, it is clear from the decision that the fourth exception was in play. In any event, absent contrary evidence, the WCJ was free to make the finding that by first traveling to Rouse Estates and then to Employer's office, Decedent was avoiding the time and expense of backtracking to Employer's benefit and furthering its business. *See Gen. Elec. Co. v. Workmen's Comp. Appeal Bd. (Valsamaki)*, 593 A.2d 921, 924 (Pa. Cmwlth. 1991) (citation omitted)

6

(holding that, "[i]t is clearly within the [WCJ's] fact-finding province to draw reasonable inferences from the evidence") and *MKP Enterprises, Inc. v. Underground Storage Tank Indemnification Bd.*, 39 A.3d 570, 581 (Pa. Cmwlth. 2012) (citation omitted) (holding that, "[t]he party prevailing below is entitled to have the Court view the evidence in the most favorable light and to all reasonable inferences that may be derived therefrom").

Because we conclude that Claimant satisfied the fourth exception to the "going and coming rule," we affirm.

<br>

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allied Fire Protection Systems      :
and Zurich American      :
Insurance Company,      :
        Petitioners      :
      :
      v.      :   No. 1975 C.D. 2016
      :
Workers' Compensation      :
Appeal Board (Warner),      :
        Respondent      :

# **O R D E R**

AND NOW, this 25th day of August, 2017, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge