McIntyre *v.* Strausser (et al., Appellant).

Argued October 4, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Sanford M. Chilcote,* with him *Dickie, Robinson & McCamey,* for appellant.

*John E. Evans, Sr.,* with him *J. I. Simon* and *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 13, 1950:

This suit for personal injuries was an action in trespass by Howard McIntyre, a guest passenger in an automobile, against Vincent Sortino, his employer, driver of the car, and Harry E. Strausser, the owner and operator of another automobile, which cars were in a collision. A verdict was rendered against Vincent Sortino and for the defendant, Harry E. Strausser.

On motion for judgment n.o.v. by the employer-defendant, which was refused by the court in banc, the court said: "Before the trial commenced, and during trial, conferences were held in chambers between coun-

sel and the Trial Judge (this opinion writer), who directed that, pursuant to his interpretation of the law expressed in *Maio, Exrx., v. Fahs et al.,* 339 Pa. 180, the claim that plaintiff was an employee of Sortino *was not to be disclosed to the jury,* and that the case would be tried simply on the evidence that he was a passenger in Sortino's car." (latter emphasis supplied)

In dismissing the motion, the court also said: "It is our opinion that an order should be made refusing the defendant Sortino's motion for judgment N. O. V., without prejudice, and with the right to file a petition—and obtain a rule on the plaintiff to show cause why the judgment should not be satisfied of record."

When an employe is injured in the course of his employment he is relegated to the Workmen's Compensation Acts insofar as his employer is concerned. Ordinarily the Acts have no application when the employe is going to or returning from his work. But where the contract of employment provides that the employer shall furnish the *means* of going and returning from work, the employe is regarded as engaged in the furtherance of his employer's business during such transportation: *Butrin et al., v. Manion Steel Barrel Company et al.,* 361 Pa. 166, 63 A. 2d 345.

Since it is clear that the employer-defendant at the trial was properly precluded from establishing the facts concerning the employer-employe relationship, we agree with the learned court below that the proper procedure is for the employer-defendant to rule the plaintiff to show cause why the judgment should not be satisfied of record. See *Maio, Exrx., v. Fahs et al.,* 339 Pa. 180, 14 A. 2d 105.

Judgment affirmed, without prejudice, as herein indicated.