## FLECK v. MARZANO et al.
### Civ. A. No. 4103.

United States District Court
Middle D. Pennsylvania.

Nov. 17, 1952.

Robert E. Knupp and Compton & Handler, Harrisburg, Pa., for plaintiff.

Irwin Benjamin and Hurwitz, Klein & Meyers, Harrisburg, Pa., for defendant Marzano.

F. Brewster Wickersham and Metzger & Wickersham, Harrisburg, Pa., for defendant Rowe.

FOLLMER, District Judge.

This matter is before the Court on motion of plaintiff to dismiss the action with prejudice against defendant Marzano. In her motion, plaintiff states that she has arrived at terms of settlement of her action against Marzano, being one for damages growing out of an automobile accident, and that she desires to discontinue her action against Marzano only, preserving her action against defendant Rowe, and in accordance with the provisions and terms of the Uniform Contribution Among Tortfeasors Act of Pennsylvania, 12 Purdon's Statutes § 2082 et seq.

Defendant Rowe has filed objection to the Motion to Dismiss, and in support thereof has filed the following reasons:

"1. Paragraph No. 1 of the Motion to Dismiss is denied and it is alleged that defendant, Rowe, will be prejudiced by dismissal of plaintiff's cause of action against Marzano for the reason that the jury will not have Marzano before it as a defendant against whom it could render its entire verdict.

"2. Paragraph No. 2 of plaintiff's Motion to Dismiss fails to set forth the terms of settlement between plaintiff, Fleck, and defendant, Marzano,

with the result that any benefits conferred on defendant, Rowe, are **not** fixed as a matter of record.

"3. A compromise settlement between plaintiff and defendant, Marzano, relates only to contribution, if any, and not to the matter of negligence and a Motion to Dismiss until liability has been established is premature and prejudicial to defendant, Rowe.

"4. Defendant, Rowe, has a procedural right to have Marzano as a defendant on the record regardless of the intervention of a Release, consequently to strike his name from the record at the present time would be prejudicial unless we are herewith permitted to join him as a Third Party Defendant."

The extent of the interest of the defendant in this motion is his right of contribution as set forth in Section 2 of the Act of July 19, 1951, P.L. 1130, 12 Purdon's Statutes § 2083, which provides as follows:

"(1) The right of contribution exists among joint tortfeasors; (2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof; (3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement."

In support of his position in opposition to the Motion to Dismiss, defendant Rowe has submitted a number of authorities [1] all of which pertain to workmen's compensation situations.

It is quite clear that in cases involving the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq., the Pennsylvania Courts have permitted the retention of the employer as a codefendant or his joinder as a Third-party Defendant, but it is equally clear that the purpose of such retention of the party who is not subject to suit by the plaintiff is the establishment of the existence of a "joint tort-feasor" relationship [2] as that term is defined in the Act.[3]

A compliance with Sections 4 and 5, 12 Purdon's Statutes §§ 2085, 2086, of the Act in itself would have that very effect, and a retention of the party who has been released by the plaintiff under such circumstances would serve no purpose and would merely place an unwarranted burden upon the party who has seen fit to settle his liability. Such a release in accordance with the Act establishes the right of the remaining defendant to contribution and specifically provides for the reduction of the claim against the other tort-feasor in accordance therewith.

The only reason contained in the objection to the Motion to Dismiss which had any merit was that the terms of settlement by the plaintiff and defendant Marzano were "not fixed as a matter of record." This has been met by the plaintiff's inclusion in the record of such release, and an examination thereof shows it to be in compliance with the requirements of the Act.

Therefore, in the instant case there is no basis for Rowe's objections to plaintiff's Motion to Dismiss the action as against Marzano, nor would there be any justification under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C., for his joining Marzano as a Third-party Defendant after such dismissal. The Motion to Dismiss the action with prejudice against defendant Jack Antonio Marzano will therefore be granted.

[1]. Shaull v. A. S. Beck New York Shoe Co., 369 Pa. 112, 85 A.2d 698; McIntyre v. Strausser, 365 Pa. 507, 76 A.2d 220. See also Maio v. Fahs, 339 Pa. 180, 14 A.2d 105; Giordano v. Clement Martin, Inc., 347 Pa. 61, 31 A.2d 504.

[2]. Goodrich Amram, Standard Pennsylvania Practice § 2252(a)–10 & 11.

[3]. 12 Purdon's Statutes § 2082.