**WELLS FARGO COMPANY,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (PACHECO),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 27, 2000.
Decided Dec. 29, 2000.

14. This is not the same as learning "laundry and dry cleaning operations."

John C. Swartz, Mechanicsburg, for petitioner.

Salvatore Vito, Stroudsburg, for respondent.

Before McGINLEY, Judge, FRIEDMAN, Judge and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Wells Fargo Company (Employer) appeals from the June 27, 2000 order of the Workers' Compensation Appeal Board

(WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to grant the claim petition filed by Julio Pacheco (Claimant). In regard thereto, Claimant has filed an Application for Relief requesting counsel fees pursuant to Pa. R.A.P. 2744. We affirm the WCAB's order and deny Claimant's application.

Claimant was hired in October 1996 as an Account Representative in Employer's Allentown office. Claimant reported to his "work place" [1] at Employer's Allentown office for approximately one month, during which time Claimant received job training. Employer gave Claimant a phone card, a beeper and an identification card stating that Claimant was an Account Representative for Employer. (WCJ's Findings of Fact, Nos. 2, 4, 5, 11(a).)

Before hiring Claimant, Employer had planned to transfer the accounts being managed in Employer's Scranton office to Employer's Allentown office. To effectuate this transfer, Employer asked Claimant to work in Employer's Scranton office with Employer's Scranton accounts until Claimant felt comfortable moving the operation back to Allentown.[2] During the time that Claimant worked in Employer's Scranton office, Claimant still had a "work place" in the Allentown office, and his time sheets and paycheck were processed at the Allentown office. (WCJ's Findings of Fact, Nos. 2, 4, 11(a).)

On November 20, 1996, Claimant was involved in an automobile accident while driving to Employer's Scranton office. Claimant's car slid on a patch of ice and spun out of control. Claimant sustained an injury to his neck, low back and shoulder. Claimant received treatment for his injuries and has not returned to work for Employer since the accident. (WCJ's Findings of Fact, Nos. 2, 3, 11(a).)

On February 18, 1997, Claimant filed a claim petition alleging that, on November 20, 1996, he sustained a work-related injury while in the course and scope of his employment with Employer. Employer filed a timely answer denying the material allegations of Claimant's petition. The case was assigned to a WCJ, and hearings were held on the matter.

At the hearings, Claimant testified on his own behalf and presented the December 10, 1996 medical report of Mahesh D. Chhabria, M.D.[3] (See R.R. at 94a–96a.) Dr. Chhabria's report indicates that, after the November 20, 1996 accident, Claimant experienced left-sided headaches, forgetfulness, vertigo and pain in his neck, back and shoulder. The doctor's diagnosis was that Claimant suffered from headaches with cerebral concussion, cervical strain, spasmodic torticollis, left brachial plexopathy versus left C7 radiculopathy, dorsal strain, LS strain with left L5 radiculopathy and left shoulder injury. Dr. Chhabria advised diagnostic studies, a referral and complete bed rest. (WCJ's Findings of Fact, No. 9.)

Employer presented the testimony of William McGivern, Employer's Claims Service Manager, and Joseph F. Vuchak, Employer's District Customer Service Manager. McGivern testified that: (1) Employer planned to move its Scheduling Department from the Scranton office to the Allentown office; (2) Employer asked Claimant to take a scheduling job, which entailed training approximately one month in the Allentown office and then working

---

1. The WCJ found that Claimant had a "work place" in the Allentown office. (WCJ's Findings of Fact, Nos. 4, 11(a).) This simply means Claimant had a place to work, or a "work station," in the Allentown office. (See R.R. at 26a.)

2. Employer estimated that Claimant would have to work at the Scranton office for three months. (WCJ's Findings of Fact, No. 4.)

3. The parties agreed to submit medical reports. (WCJ's Findings of Fact, No. 8.) In addition to Dr. Chhabria's report, Claimant submitted physical therapy notes and MRI reports. (WCJ's Findings of Fact, No. 9.)

in the Scranton office until Claimant felt comfortable moving the operation back to Allentown; and (3) Employer made this offer because of where Claimant lived.[4] (WCJ's Findings of Fact, No. 4.) Vuchak testified that Claimant's job required him to travel, but that Claimant was not to be paid mileage for his travel to the Scranton office from his home. (WCJ's Findings of Fact, No. 6.)

Employer also presented the August 8, 1997 medical report of Bruce H. Grossinger, D.O. (*See* R.R. at 116a–19a.) According to Dr. Grossinger's report, Claimant's lumbar MRI showed a tiny disc protrusion, or an annular bulge, on the left side of L3–4. However, Claimant's cervical MRI was normal, Claimant's neurological examination was normal and there was no evidence of any injuries to Claimant's neck or low back. Dr. Grossinger opined in his report that Claimant was fully recovered from any injuries he may have sustained on November 20, 1996 and is able to return to full duty as an Account Representative for Employer. (WCJ's Findings of Fact, No. 10.)

Based on the evidence presented, the WCJ determined that Claimant sustained a work-related injury in the course and scope of his employment with Employer because Claimant was on a special mission for Employer when Claimant was injured in an automobile accident on November 20, 1996. In addition, the WCJ rejected Dr. Grossinger's testimony that Claimant was fully recovered on August 8, 1997. Thus, the WCJ granted Claimant's claim petition. Employer appealed to the WCAB, which affirmed the WCJ's decision.

On appeal to this court,[5] Employer argues that the WCJ, affirmed by the WCAB, erred in concluding that Claimant was injured in the course and scope of his employment with Employer.[6] Employer contends that Claimant merely was commuting to work when he was injured on November 20, 1996, and he was not on a special assignment for Employer. We disagree.

■ The "going and coming" rule provides that, in general, an injury received by a claimant while traveling to and from work is not compensable. *Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse)*, 718 A.2d 397 (Pa.Cmwlth.1998). However, such an injury is compensable if: (1) the employment contract included transportation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on a special assignment; or (4) special circumstances are such that the claimant was furthering the business of the employer. *Id.* Where a claimant is performing the regular duties of his employment, the claimant is not on a special mission for his employer. *Action, Inc. v. Workmen's Compensation Appeal Board (Talerico)*, 116 Pa.Cmwlth. 81, 540 A.2d 1377 (1988), *aff'd*, 523 Pa. 419, 567 A.2d 1040 (1990).

■ Here, the WCJ found that Employer hired Claimant as an Account Representative. However, before Claimant could begin to perform the regular job duties of an Account Representative, Employer asked Claimant to work in Employer's Scranton office so that Claimant could become familiar with the Scranton ac-

4. Claimant lived in Blakeslee, Pennsylvania, in Monroe County. (R.R. at 26a.)

5. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

6. Whether an employee injured away from the employer's premises sustained the injury in the course and scope of employment is a question of law based on the WCJ's findings of fact. *Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse)*, 718 A.2d 397 (Pa.Cmwlth.1998).

counts.[7] Once Claimant had done so, Employer planned to transfer those accounts to the Allentown office. At that point, Claimant would begin to perform his regular job duties as an Account Representative by managing the Scranton accounts. Because Claimant was not performing his regular job duties as an Account Representative when he was injured on November 20, 1996 but, rather, was making it possible for Employer to move the Scranton accounts to Allentown, as Employer requested, we conclude that Claimant was on a special assignment for Employer. Thus, the WCJ and WCAB did not err in holding that Claimant was in the course and scope of his employment when he was injured.

■ In the alternative, Employer argues that the WCJ should have awarded Claimant benefits for a closed period based on Dr. Grossinger's opinion that Claimant was fully recovered from his work injuries as of August 8, 1997. We disagree. A WCJ is free to accept or reject, in whole or in part, the testimony of any witness, including a medical witness. *Griffiths v. Workers' Compensation Appeal Bd. (Red Lobster)*, 760 A.2d 72 (Pa.Cmwlth.2000). Here, the WCJ rejected Dr. Grossinger's opinion that Claimant was fully recovered as of August 8, 1997. The WCJ explained

that he did not believe that Claimant could be fully recovered on that date in light of Dr. Chhabria's diagnoses of Claimant's injuries. (WCJ's Findings of Fact, No. 11(c).) Thus, we conclude that the WCJ did not err in failing to award benefits for a closed period.

■ Finally, we address Claimant's application for counsel fees pursuant to Pa. R.A.P. 2744.[8] Claimant contends that Employer's appeal is frivolous because it only challenges the WCJ's credibility determinations and does not raise any issues of law. It is true that, with respect to Employer's alternative argument, Employer simply challenges the WCJ's rejection of Dr. Grossinger's expert opinion. However, Employer also asks this court to determine whether the WCJ and WCAB erred in concluding that Claimant was injured during the course and scope of his employment. Contrary to Claimant's contention, that is a question of law. *See Ruth Family Medical Center.* Because Employer has raised a valid legal question in its appeal to this court, we deny Claimant's application for counsel fees.[9]

For the foregoing reasons, we affirm the WCAB's order and deny Claimant's application for counsel fees.

### ORDER

AND NOW, this 29th day of December, 2000, the order of the Workers' Compensa-

---

7. Claimant testified that his work in the Scranton office was to gather together all of the accounts and to write up "spec sheets." (R.R. at 26a.) The "spec sheet" included the client's name, address and phone number; the names of contact persons; emergency and non-emergency phone numbers; the hours scheduled for Employer's guard services; directions to the company's location; the duties of the guards assigned to the job; the name of the person supervising the guards; and instructions relating to incident reports and disasters. (R.R. at 27a–28a.) Claimant was not assigned to any accounts while he worked in the Scranton office. (WCJ's Findings of Fact, No. 4.)

8. Pa. R.A.P. 2744 states that an appellate court may award a reasonable counsel fee if it determines that an appeal is frivolous or taken solely for delay or that a party's conduct is dilatory, obdurate or vexatious.

9. In his application, Claimant avers that Employer has refused to pay medical benefits to Claimant for treatment of Claimant's carpal tunnel syndrome. Claimant asserts that his carpal tunnel syndrome is causally related to his work. However, the case before us here has nothing to do with Claimant's alleged carpal tunnel syndrome. Therefore, we decline to consider matters relating thereto in ruling on Claimant's request for counsel fees under Pa. R.A.P. 2744.

tion Appeal Board, dated June 27, 2000, is hereby affirmed. In addition, Respondent's Application for Relief requesting counsel fees pursuant to Pa. R.A.P. 2744 is denied.