884 A.2d 858

**Judith WACHS, Widow of James Wachs, Deceased**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (AMERICAN OFFICE SYSTEMS and Donegal Mutual Insurance Company)**

**Appeal of American Office Systems and Donegal Mutual Insurance Company.**

Supreme Court of Pennsylvania.

Argued Dec. 1, 2004.

Decided Oct. 21, 2005.

480

Terrence E. Dempsey, Brian J. Butler, Scranton, for American Office Systems & Donegal Mut. Ins. Co., appellants.

Amber Marie Kenger, Richard C. Lengler, Harrisburg, for W.C.A.B., appellee.

Charles J. Bufalino, West Pittston, for Judith Wachs, appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice EAKIN.

Judith Wachs, appellee, is the widow of James Wachs who was killed in an automobile accident while driving a company vehicle on his way to work for appellant American Office

Systems (AOS). Appellee filed a Workers' Compensation fatal claim petition seeking benefits. Appellant Donegal Insurance denied coverage, stating decedent was not in the course and scope of his employment at the time of the accident; he was merely en route to work, which typically is not compensable. *See Peterson v. WCAB (PRN Nursing Agency)*, 528 Pa.279, 597 A.2d 1116, 1119 (1991) ("The general rule is that an employer is not liable to the employee for compensation for injuries received off the employer's premises while the employee is travelling to or from work.").

Decedent was an office equipment technician who had worked for AOS, but left for approximately three years to work for a competitor; he was recruited back to AOS in 1991. Decedent demanded, as a qualifying condition of his return to AOS, that he be provided a company car. *See* N.T. Hearing, 10/28/99, at 21 (VP of Service Operations: "The only way he would agree to come back to work for AOS, and it was perfectly clear, is that if he had a company car. Because of the fact, I don't even think he owned his own car at the time."). Decedent drove the provided vehicle from his first day of re-employment with AOS until the fatal accident; he took the vehicle home each night and drove it each morning to AOS's office or a scheduled appointment with a client.

At first, decedent's work schedule required him to be out of the office about 90% of the time. He typically received a service call list for the following day, and left from home in the company vehicle to the clients' locations; other times, he would receive an early morning call at home designating which locations he was to visit. This pattern continued until he was promoted to a supervisory position, after which his duties kept him at the home office most of the time; on the day of his death, decedent was traveling to AOS's home office to repair two fax machines a client had dropped off to be serviced.

Throughout his employment with AOS, decedent was paid an hourly wage which started at 8:00 a.m., and did not include transit time; he was required to be either at the office or at a client's location by 8:00 a.m. Decedent never carried a pager, company cell phone, nor was he on-call on a 24-hour basis.

AOS provided decedent with a credit card to pay for the gas and repairs to the company vehicle. At the time of decedent's rehire, almost all AOS technicians were provided company cars; at the time of his death, decedent was the only technician still driving a company car.

After his death, his widow, filed a fatal claim petition. The Workers' Compensation Judge (WCJ) denied the petition, finding appellee failed to prove decedent was acting within the course and scope of his employment at the time of his death. The WCJ reasoned decedent was no longer a roving technician but a supervisor who spent most of his time at AOS's headquarters; decedent had a fixed place of employment. Further, the WCJ credited the testimony of decedent's immediate supervisor, who stated decedent had no client visits scheduled the day he died and was scheduled to fix two fax machines at the office that morning.

On appeal, the WCAB determined the WCJ's findings did not support a denial of benefits, and remanded for additional findings of fact and conclusions of law. The WCAB stated: "our independent review of the record reveals that too many of the findings of the WCJ do not appear to support his conclusions. . . ." WCAB Opinion, 8/17/01, at 8. Additionally, the WCAB opined "it would appear that the agreement to provide the Decedent with the automobile (he had the same automobile for his entire period of employment, 1991 through the date of death, October 26, 1998) was an agreement in furtherance of the employer's business or affairs." *Id.*

On remand, the WCJ reiterated and reaffirmed his prior findings of fact and conclusions of law, stating it was clear decedent was en route to AOS's headquarters at the time of his death. Reasoning decedent was merely in transit to a fixed employment location, and he was not paid for transit time to and from work, the WCJ held decedent was not acting in the scope of his employment or furthering the interests of his employer at the time of the accident—the WCJ again denied appellee's fatal claim petition. Satisfied the WCJ adequately addressed its previous concerns and properly clarified his findings, the WCAB affirmed.

The Commonwealth Court reversed, concluding the WCJ and WCAB overlooked the fact that appellee had adequately proved decedent obtained the company car as part of his employment contract. Regardless of whether decedent was traveling to AOS's office or a client location at the time of the accident, the court opined decedent was acting within the scope of his employment because the employment contract exception to the "going and coming rule" applied. *See Rox Coal Co. v. WCAB (Snizaski)*, 768 A.2d 384, 386 (Pa.Cmwlth. 2001), *affirmed*, 570 Pa. 60, 807 A.2d 906 (2002). This Court granted review to determine whether decedent was acting within the scope of his employment at the time of his death, and whether the contract exception to the "going and coming rule" is still viable.

The Workers' Compensation Act (Act) provides that "[e]very employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment. . . ." 77 P.S. § 431. Section 301(c)(1) of the Act defines the terms "injury" and "personal injury" "to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto. . . ." *Id.*, § 411(1). The Act further directs that the term "injury arising in the course of his employment" shall not include:

[A]n injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; nor shall it include injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere. . . .

*Id.*

Generally, the "going and coming rule" holds that an injury or death sustained by an employee traveling to or from

a place of employment does not occur in the course of employment; thus, it is not compensable under the Act. *Biddle v. WCAB (Thomas Mekis & Sons)*, 539 Pa.343, 652 A.2d 807, 809 (1995); *Village Auto Body v. WCAB (Eggert)*, 827 A.2d 570, 573 (Pa.Cmwlth.2003). However, such an injury or death will be considered to have been sustained in the course of employment and thus is compensable under the Act if one of the following exceptions applies:

1) claimant's employment contract includes transportation to and from work;

2) claimant has no fixed place of work;

3) claimant is on a special mission for employer; or

4) special circumstances are such that claimant was furthering the business of the employer.

*Biddle*, at 809 (citation omitted); *Rox Coal*, at 386; *Wells Fargo Co. v. WCAB (Pacheco)*, 764 A.2d 1147, 1150 (Pa. Cmwlth.2000); *City of Philadelphia v. WCAB (Stewart)*, 728 A.2d 431, 432 (Pa.Cmwlth.1999).

 The claimant bears the burden of proving "the injury arose in the course of employment and was related thereto." *Olszewski v. WCAB*, 167 Pa.Cmwlth. 521, 648 A.2d 1255, 1257 (1994) (citing *Krawchuk v. Philadelphia Elec. Co.*, 497 Pa. 115, 439 A.2d 627 (1981)). Whether an employee is acting within the course and scope of his employment at the time of his injury or death is a question of law and is reviewable *de novo*. See *Empire Kosher Poultry v. WCAB (Zafran)*, 154 Pa. Cmwlth.276, 623 A.2d 887, 889 (1993).

Appellants contend the employment contract exception to the "going and coming rule" is inapplicable because "there was no actual written employment contract in place between the decedent and the Employer that provided for transportation." Appellants' Brief, at 17 (emphasis deleted). Appellants argue it was merely customary and cost-effective at AOS, at the time of decedent's rehire, for technicians to receive company cars; nothing in decedent's employment contract specifically provided that he be provided one. Upon rehire, decedent signed a one-year employment contract which was not updated

throughout his subsequent seven-year employment with AOS. *See Janis v. AMP, Inc.*, 856 A.2d 140, 147–48 (Pa.Super.2004) (employee's continuation of employment after expiration of contract term results in renewal by implication of same contract, under same terms and conditions). Included with the contract was an employee manual which contained a provision for a company car; decedent's contract did not designate that his employment was contingent on him receiving a company car.

■ Although not memorialized in decedent's written employment contract, a reviewing court must look at the totality of the circumstances to determine whether an employee's contract did, in fact, provide for transportation to and from work. *See Olszewski*, at 1257 (to prove employment contract exception, claimant must produce "contract or unequivocal testimony that such provision [for transportation] did in fact exist. . . ."); *Empire Kosher Poultry*, at 890 (customary in industry to provide transportation to and from work, and employer adhered to custom); *Unity Auto Parts, Inc. v. WCAB (Bigley)*, 148 Pa.Cmwlth.4, 610 A.2d 1071, 1074–75 (1991) (court considered whether oral agreement existed to provide transportation as part of employment contract); *Sylvester v. Peruso*, 286 Pa.Super. 225, 428 A.2d 653, 655 (1981) (employment contract for transportation can be "either expressly or impliedly").

■ Here, appellee offered unequivocal testimony, accepted by the WCJ as fact-finder, that decedent conditioned his re-employment with AOS with the requirement that he be provided a company car. In its opinion, the WCJ found:

> As a result [sic] interview meetings were conducted and the witness [VP of Service Operations] was authorized by the President [of AOS] to offer an agreement to the decedent with the understanding between the decedent and the employer that the only way he would return to work for AOS would be if he had a company car which served the purpose of providing transportation going back and forth to work.

WCJ Opinion, 7/31/00, at 6. Further, decedent was issued the vehicle from his first day of employment and drove it continuously until his death, more than seven years later. The only time decedent did not drive the vehicle was when he was on vacation or when the vehicle was being repaired, at AOS's expense. Based on this evidence, and the continuity of conduct throughout decedent's employment, appellee established that decedent's use of the company vehicle was pursuant to his employment contract. The contract exception to the "going and coming rule" was satisfied.

■ Regardless of whether appellee proved decedent's use of the company vehicle was incident to his employment contract, appellants argue the General Assembly in 1993 amended § 301(c)(1) of the Act to abrogate the common law employment contract exception to the "going and coming rule" by inserting the language: "nor shall it include injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury." 77 P.S. § 411(1). Appellants allege the General Assembly sought to eliminate this exception by requiring employees actually be in the process of furthering the employer's interests at the time of injury; driving to a fixed place of employment, appellants contend, is not acting in the scope of one's employment.

The Commonwealth Court in *Rox Coal, supra,* dismissed an identical argument, holding: "Although Employer would have us interpret the phrase inserted into section 301(c)(1) as eliminating the employment contract exception to the "going and coming rule"... we soundly reject Employer's position." *Rox Coal,* at 389. The court reasoned the General Assembly's insertion of the restrictive language actually reaffirmed what the courts had already recognized and had enforced: employees injured while driving a company vehicle are not entitled to Workers' Compensation benefits unless they are acting within the scope of their employment at the time of injury or can prove an exception to the "going and coming rule." The court stated the inserted phrase dispelled any doubts about an automatic entitlement to benefits from an injury sustained in a

company vehicle. *Id.*, at 390; *see Unity Auto Parts, Inc.*, at 1075 ("the fact that the claimant was injured while traveling home in the employer's vehicle does not automatically support a conclusion of law that the injury occurred in the course of employment").

Based on the plain meaning of § 301(c)(1), we accept the reasoning of the Commonwealth Court in this case and *Rox Coal* that the employment contract exception to the "going and coming rule" is still viable. Further, because appellee established by substantial evidence that decedent's negotiated employment contract included transportation to and from work via a company car, and decedent was killed on his way to work in that car, we affirm the Commonwealth Court's order granting fatal death benefits to appellee.

Order affirmed. Jurisdiction relinquished.

Chief Justice CAPPY and Justices NIGRO and BAER are with the opinion.

Justice SAYLOR files a dissenting opinion in which Justice CASTILLE and Justice NEWMAN join.

Justice SAYLOR, dissenting.

Because I view the common-law employment contract exception to the going-and-coming rule as irreconcilable with the Legislature's 1993 amendment to Section 301(c)(1) of the Workers' Compensation Act, I would hold that the exception no longer existed at the time of the accident.

As the majority notes, the courts have traditionally recognized several exceptions to the common-law going-and-coming rule, which generally precludes compensation under the Act for injuries sustained while driving from one's home to a fixed place of work, or while returning home. Among these is the employment contract exception, pursuant to which compensation is available so long as the employee was driving a company car supplied under the terms of his or her contract of employment. The rationale behind that exception was articu-

lated in *McIntyre v. Strausser,* 365 Pa. 507, 76 A.2d 220 (1950), where this Court stated:

> Ordinarily the [Workers' Compensation] Acts have no application where the employe is going to or coming from his work. But where the contract of employment provides that the employer shall furnish the means of going and returning from work, the employe *is regarded* as engaged in the furtherance of his employer's business during such transportation.

Id. at 509, 76 A.2d at 221 (emphasis added).

The critical 1993 addition to Section 301(c)(1) proceeds as follows:

> [N]or shall [the term "injury arising in the course of employment"] include injuries sustained while the employe is operating a motor vehicle provided by the employer *if the employe is not otherwise in the course of employment at the time of injury.*

77 P.S. § 411(1) (emphasis added).[1]

On its face, this provision categorically precludes compensation for injuries sustained while driving a company car unless the employee is "otherwise" acting in the course of employment at the time of injury. The term "otherwise," in this context, indicates that the employee must be acting in furtherance of the employer's business in some capacity beyond merely driving the vehicle. The statutory amendment, then, on its face abrogated the common-law employment contract exception to the going-and-coming rule; as noted above, that exception had its genesis in a judicial imputation of the state of being engaged in the furtherance of the employer's business to the driver of a company car provided pursuant to an employment contract.

The majority reaches the opposite result by stating that the legislative amendment at issue did little more than re-affirm

---

1. This restrictive language was inserted by the Act of July 2, 1993, P.L. 190, No. 44, § 5 ("Act 44").

what the courts had already recognized and enforced for decades. *See* Majority Opinion, 584 Pa. at 485–87, 884 A.2d at 863. To the extent that one can discern any lack of clarity in the statutory text (which I cannot), the legislative history of Act 44 clarifies that its primary purpose was to reform the workers' compensation system so as to reduce the burden upon employers, as the high cost of the system was contributing to a business-unfriendly environment in Pennsylvania as compared to neighboring states, resulting in a net loss of businesses and jobs. *See, e.g.,* 1993 House Legis. Journal 518, 543–47 (daily ed. March 30, 1993) (remarks of various Representatives concerning the need to reform the workers' compensation system so that businesses do not close or move out-of-state); 1993 Senate Legis. Journal 443 (daily ed. March 31, 1993) (reflecting the Senate's understanding of the overriding purpose of the bill to reform the workers' compensation system to make it less burdensome upon the business community); *id.* at 472–73 (daily ed. April 19, 1993) (same). In light of these numerous statements affirming the need for reform, it is difficult to accept the majority's position that the amendment to Section 301(c)(1) carried no legislative intent to alter the circumstances under which benefits would be available solely as a result of driving a company car. *See generally* 1 Pa.C.S. § 1921(c)(7) (instructing courts to consider a bill's contemporaneous legislative history in resolving any perceived lack of clarity in its text); *DeLellis v. Borough of Verona,* 541 Pa. 3, 15 n. 11, 660 A.2d 25, 31 n. 11 (1995) (finding legislative floor remarks instructive in interpreting a statute).

I also respectfully differ with the majority's affirmative suggestion that the amendment to Section 301(c)(1) signifies that "employees injured while driving a company vehicle are not entitled to Workers' Compensation benefits unless they are acting within the scope of their employment at the time of injury *or can prove an exception to the 'going and coming rule.'* " Majority Opinion, 584 Pa. at 485–87, 884 A.2d at 863 (emphasis added). The amendment's text contains no indication that proving a common-law exception to the going-and-

coming rule may operate effectively to nullify the limitation set forth. Rather, as discussed, the wording is absolute in its preclusion of benefits unless the employee is "otherwise" acting in the course of employment.[2]

In sum, I would conclude that the 1993 amendment to Section 301(c)(1) of the Workers' Compensation Act abrogated the common-law employment contract exception to the going-and-coming rule, and that the rule otherwise applies to the facts of the present case.[3] Accordingly, I would reverse the judgment of the Commonwealth Court and reinstate the WCAB's order denying benefits.

Justice CASTILLE and Justice NEWMAN join this dissenting opinion.

---

**2.** The majority reaches its result in part by relying on the Commonwealth Court's decision in *Rox Coal Co. v. WCAB (Snizaski)*, 768 A.2d 384 (Pa.Cmwlth.2001). On appeal, this Court determined that the Commonwealth Court's discussion of this issue was mere dicta because the employer had waived any objection to the employment contract exception during proceedings before the agency. *See Rox Coal Co. v. WCAB (Snizaski)*, 570 Pa. 60, 71, 807 A.2d 906, 912 (2002). In any event, dicta or not, I believe that the Commonwealth Court's reasoning in *Rox Coal* was erroneous. The Commonwealth Court did not articulate any persuasive basis for its interpretation that the 1993 amendment merely solidified judicial precedent concerning the going-and-coming rule; additionally—and somewhat illogically—the court relied largely upon a pre-amendment decision to conclude that all of the exceptions to the going-and-coming rule remain in force even in the post-amendment setting. *See id.* at 389 & n. 14 (citing *William F. Rittner Co. v. WCAB (Rittner)*, 76 Pa.Cmwlth. 596, 600–01, 464 A.2d 675, 678 (1983)).

**3.** Appellee does not argue that any other exception applies presently.