**Morris STECKEL, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Have–A–Vend, Inc.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 10, 2012.

Decided June 7, 2012.

Publication Ordered Sept. 19, 2012.

Joseph C. Huttemann, Philadelphia, for petitioner.

Eugene E. Kellis, Bensalem, for respondent, Have–A–Vend, Inc.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Morris · Steckel (Claimant) petitions for review of the Order of the Workers' Compensation Appeal Board (Board), which affirmed the determination of a Workers' Compensation Judge (WCJ) denying Claimant's Claim Petition. Claimant challenges the WCJ's finding that he was a stationary employee and argues that the WCJ erred as a matter of law in determining that Claimant was not within the course and scope of his employment when he was injured in an automobile accident.

The facts surrounding Claimant's automobile accident are summarized as follows. Claimant was employed as a manager for the coffee division of Have–A–Vend, Inc. (Employer). Claimant's duties included supervising the entire department, ordering supplies, performing customer service, supervising delivery drivers, and working with equipment technicians. Employer provided Claimant with a company car which he used for both business and personal purposes. On June 24, 2009, Claimant was finished with work and left his place of employment at approximately 3 p.m. Claimant planned to make a bank deposit for Employer on his way home; however, he received a telephone call from a customer requesting that he drop off a new coffee pot to replace one that was broken. Claimant made the bank deposit and then delivered the customer's new coffee pot as requested. After leaving the customer's place of business, Claimant proceeded to drive home; however, on his way home his vehicle was struck by another vehicle resulting in injuries to Claimant. (WCJ Decision, Findings of Fact (FOF) ¶ 3.)

On July 10, 2009, Employer issued a Notice of Compensation Denial indicating that it was denying workers' compensation benefits (WC) to Claimant because his al-

leged injuries did not occur while Claimant was within the course and scope of his employment. On July 29, 2009, Claimant filed a Claim Petition alleging that, as a result of the June 24, 2009 automobile accident, he suffered work-related injuries in the nature of a cervical and lumbar sprain/strain, aggravation of cervical and lumbar degenerative disc disease, and cervical and lumbar radiculopathy. Employer filed a timely answer denying the material allegations of the Claim Petition. Hearings before the WCJ ensued at which both Employer and Claimant presented evidence.

■ Based on the evidence presented, the WCJ. determined that: (1) Claimant was a stationary employee not a traveling employee; (2) "Claimant did not have an employment contract with [Employer] that included transportation to and from work"; (3) Claimant was not on a special mission or assignment for Employer when Claimant was injured; and (4) Claimant failed to establish that any of the exceptions to the "going and coming" rule applied. Therefore, the WCJ held that Claimant was not within the course and scope of his employment when the June 24, 2009 automobile accident occurred. (FOF ¶¶ 11–14; WCJ Decision, Conclusion of Law (COL) ¶ 2.) Claimant appealed the WCJ's Decision and the Board affirmed. Claimant now petitions this Court for review.[1]

■ Claimant first challenges the WCJ's finding that he was a stationary employee. "This Court has analyzed course of employment cases in two ways, depending on whether the claimant is a traveling employee or a stationary employee." *Jamison v. Workers' Compensation Appeal Board (Gallagher Home Health Services)*, 955 A.2d 494, 498 (Pa.Cmwlth. 2008). Factors relevant to the determination of whether an employee is a traveling or stationary employee include: "whether the claimant's job duties involve travel, whether the claimant works on the employer's premises or whether the claimant has no fixed place of work." *Beaver and Casey, Inc. v. Workmen's Compensation Appeal Board (Soliday)*, 661 A.2d 40, 42 (Pa.Cmwlth.1995). "[E]ach case is determined on a case-by-case basis." *Jamison*, 955 A.2d at 498.

Here, while Claimant testified that he traveled to visit customers, he also testified that he had an office at Employer's place of business, and that he was a supervisor who was required to spend time in the office on a regular basis as part of his job duties. (FOF ¶¶ 3, 5; WCJ September 15, 2009 Hr'g Tr. at 11, R.R. at 28a; WCJ January 26, 2010 Hr'g Tr. at 21, 36, R.R. at 107a, 122a.) In addition, the WCJ credited the testimony of Employer's vice president that Claimant did not travel every day to service accounts because Claimant's job duties included working in the office to place orders, contact customers by telephone, and prepare equipment. (FOF ¶¶ 5, 9; WCJ January 26, 2010 Hr'g Tr. at 21, R.R. at 107a.) Therefore, Claimant had a fixed place of employment and he was primarily required to work on Employer's premises. Accordingly, Claimant was a stationary employee, not a traveling employee.

1. "Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated." *Scott v. Workers' Compensation Appeal Board (Ames True Temper, Inc.)*, 957 A.2d 800, 803 n. 3 (Pa.Cmwlth.2008). "Substantial evidence is any relevant evidence that a reasonable mind might consider adequate to support a conclusion." *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, 739 A.2d 1084, 1087 (Pa.Cmwlth.1999).

■ Next, Claimant argues that he was within the course and scope of his employment at the time of the automobile accident because his employment agreement with Employer included transportation to and from work. Claimant contends that he was given a company vehicle to use for both business and personal purposes and that his business use of the vehicle included traveling to and from work. Claimant contends that he was furthering Employer's business when he was involved in the June 24, 2009 automobile accident since he was performing a duty that was a common part of his job.

■ Section 301(c)(1) of the Workers' Compensation Act (Act)[2] states in pertinent part:

> The term "injury arising in the course of his employment," as used in this article ... shall [not] include injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere.

"The claimant bears the burden of proving 'the injury arose in the course of employment and was related thereto.'" *Wachs v. Workers' Compensation Appeal Board (American Office Systems and Donegal Mutual Insurance Company)*, 584 Pa. 478, 884 A.2d 858 (2005) (*quoting Olszewski v. Workmen's Compensation Appeal Board (Royal Chevrolet and American Fire and Casualty)*, 167 Pa.Cmwlth. 521, 648 A.2d 1255, 1257 (1994)). "Whether an employee is acting within the course and scope of his employment at the time of his injury or death is a question of law and is reviewable *de novo.*" *Id.* at 484, 884 A.2d at 862.

■ "The general rule is that an employer is not liable to the employee for compensation for injuries received off the employer's premises while the employee is traveling to or from work." *Id.* at 481, 884 A.2d at 860 (quoting *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 528 Pa. 279, 284, 597 A.2d 1116, 1119 (1991)). As explained by our Supreme Court in *Wachs:*

> Generally, the "going and coming rule" holds that an injury or death sustained by an employee traveling to or from a place of employment does not occur in the course of employment; thus, it is not compensable under the Act. [ ] However, such an injury or death will be considered to have been sustained in the course of employment and thus is compensable under the Act if one of the following exceptions applies:
>
> 1) claimant's employment contract includes transportation to and from work;
>
> 2) claimant has no fixed place of work;
>
> 3) claimant is on a special mission for employer; or
>
> 4) special circumstances are such that claimant was furthering the business of the employer.

*Id.* at 483–84, 884 A.2d at 861–62 (citations omitted). With respect to whether an "employee's contract did, in fact, provide transportation to and from work," "a reviewing court must look at the totality of the circumstances." *Id.* at 485, 884 A.2d at 862.

■ Claimant bears the burden of proving that one of the foregoing exceptions to the "going and coming" rule applies.[3] *Id.* at 486, 884 A.2d at 863. If

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1).

**3.** "[T]he fact that the claimant was injured while traveling home in the employer's vehi-

Claimant succeeds in meeting his burden, the injury will be considered to have occurred within the course and scope of employment and, thus, compensable under the Act. *Id.*

Here, Claimant admits the automobile accident took place while he was traveling home for the day. Employer submitted into evidence a February 20, 2004 Memorandum (2004 Memorandum) regarding the "Use of Company Vehicle for Morris Steckel." (Board Op. at 5; 2004 Memorandum, R.R. at 4a.) The 2004 Memorandum states that Employer was permitting Claimant to use a company vehicle for business usage and that a discussion was held with Claimant regarding the personal use of the company vehicle. (2004 Memorandum, R.R. at 4a.) Specifically, the 2004 Memorandum provides:

> We told [Claimant] the personal use of any company vehicle consisted of after business hours usage to include nights and weekends. Also, to and from work was personal use; business usage started when he got to the warehouse or to a customer location; at end of day it started when he left the warehouse or his last customer's location.

(2004 Memorandum, R.R. at 4a.) The plain language of this memorandum shows that Claimant's travel to and from work in the company car was not considered business usage. The WCJ found that Employer's witnesses credibly testified that: (1) Claimant received a copy of the 2004 Memorandum; (2) the 2004 Memorandum was discussed with Claimant; and (3) Claimant was aware as to the personal use versus the business use of the company car. (FOF ¶¶ 9–10.) Moreover, Claimant's assertion that he had an oral agreement with

Employer that he would be reimbursed for transportation to and from work in the company car was not credited by the WCJ. (FOF ¶ 8.) As such, Claimant's employment contract did not include transportation to and from work; therefore, the contract exception to the "going and coming rule" was not satisfied.

■ The remaining three exceptions to the "going and coming rule" also have not been satisfied in this case. Claimant had a fixed place of employment. Claimant was no longer furthering Employer's interests at the time of the accident. Claimant admitted that he had completed his duties of making the bank deposit, dropping off a new coffee pot as requested by the customer, and that he was on his way home when the accident occurred. Once Claimant completed these duties, he had no further obligation to Employer and, like any other work day, was merely on his way home. Moreover, Claimant's contention that he was performing a duty that was a common part of his job mandates the conclusion that Claimant was not on a special mission for Employer. For an assignment to constitute a special mission, it cannot be part of the employee's regular duties. *City of Philadelphia v. Workers' Compensation Appeal Board (Stewart)*, 728 A.2d 431, 433 (Pa.Cmwlth.1999).

Finally, Claimant asserts that the WCJ effectively determined that Claimant and Employer contracted out of the Act when they agreed in 2004 that Claimant was not a traveling employee and that Claimant's work day ended when he left the last customer's store or left the workplace. Specifically, Claimant argues that allowing

cle does not automatically support a conclusion of law that the injury occurred in the course of employment." *Wachs*, 584 Pa. at 487, 884 A.2d at 863 (quoting *Rox Coal Company v. Workers' Compensation Appeal Board (Snizaski)*, 768 A.2d 384, 390 (Pa.Cmwlth. 2001)).

employers and employees to contract out of the Act is in violation of public policy.

 Claimant's argument is without merit. Employers and employees are free to enter into employment contracts which outline an employee's terms of employment. Although the contract provisions may appear to affect an employee's entitlement to WC benefits if the employee is injured, the Act, and our Courts' interpretation thereof, provides protections to employees who are injured in the course and scope of employment. As stated previously herein, the determination of whether an employee was within the course and scope of his employment at the time of his injury is a question of law, based on the findings rendered after the opportunity to be heard, and the matter is subject to *de novo* review by this Court. *Wachs,* 584 Pa. at 484, 884 A.2d at 862. Therefore, we decline to hold that Claimant is entitled to WC benefits because the employment contract entered into between Employer and Claimant, as reflected in the 2004 Memorandum, allegedly violates public policy.

Accordingly, we affirm the Board's Order.

### *ORDER*

**NOW,** June 7, 2012, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.