Classic Landscaping, Inc., :
                          Petitioner :
                                      :
              v.                      :
                                      :
Workers' Compensation Appeal          :
Board (Ramos),                        :   No. 2590 C.D. 2015
                          Respondent  :   Submitted: April 29, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: August 3, 2016


        Classic Landscaping, Inc. (Employer) petitions this Court for review of
the Workers' Compensation Appeal Board's (Board) November 25, 2015 order
affirming the Workers' Compensation Judge's (WCJ) decision granting Francisco
Ramos' (Claimant) claim petition (Petition).  Employer presents one issue for this
Court's review: whether Claimant was on a special mission at the time of his injury
and thus, in the course and scope of his employment.

        Claimant works for Employer driving a truck and gardening and is paid
hourly.  On a typical work day, Claimant drives his personal vehicle from his home in
Chambersburg, Pennsylvania to Employer's office in Camp Hill, Pennsylvania,
where he picks up Employer's truck and materials, and proceeds to his assigned job
site(s).  After completing his assignments for the day, Claimant drives Employer's
vehicle back from the job site to the Camp Hill office, retrieves his car, and returns

home to Chambersburg. Employer does not pay Claimant for his time traveling from home to work or from work to home.

On November 19, 2013, Claimant drove Employer's truck from Camp Hill to a job site in Thurmont, Maryland. That day, Claimant was working with co-worker Edy Fernando Diaz (Diaz), who lives in Hagerstown, Maryland. At the end of the work day, Claimant asked his supervisor Juan Pineda (Pineda) if he could take the truck home that day. Claimant related to Pineda that he would drop Diaz off at his home in Hagerstown on his way home to Chambersburg. Claimant spoke with Pineda at approximately 3:20 p.m., clocked Diaz out at approximately 3:30 p.m.,[1] dropped off Diaz in Hagerstown at approximately 4:31, clocked himself out, and proceeded home to Chambersburg.

When Claimant was approximately 5-10 miles from his home, Employer's truck ran out of diesel fuel and broke down along Interstate 81. Claimant contacted Gadielle,[2] another landscaper/driver for Employer, who refused to help. Claimant next called a friend who did not work for Employer, but who brought fuel to Claimant. A police report reflects that, as Claimant was putting fuel in the truck at approximately 5:03 p.m., he was struck by a truck traveling on Interstate 81. As a result of the accident, Claimant was hospitalized for at least three weeks, during which he underwent right leg and knee surgery and thereafter was unable to work.

On December 17, 2013, Claimant filed the Petition alleging that he sustained multiple rib fractures, pneumothorax, left leg and ankle fractures, a fractured nose, fractured cervical vertebra and head trauma as a result of the November 19, 2013 accident in the course and scope of his employment. The WCJ held bifurcated hearings on January 15, February 26 and April 22, 2014 to determine whether Claimant was in the course and scope of his employment when he sustained

---

[1] Claimant clocked in and out on an I-pad.
[2] Gadielle's last name is not in the record.

2

his injuries. On August 17, 2014, the WCJ issued an interlocutory order determining that, because Claimant was on a special mission for Employer, he was in the course and scope of his employment at the time of his injuries. On October 7, 2014, based on the parties' stipulation of facts, the WCJ granted Claimant's Petition. Employer appealed. Claimant cross-appealed, arguing that the WCJ did not consider whether he was a traveling employee at the time of his injury. Employer filed a motion to quash Claimant's cross-appeal (Motion to Quash) as untimely. On November 25, 2014, the Board granted Employer's Motion to Quash, quashed Claimant's cross-appeal and affirmed the WCJ's decision granting Claimant's Petition.[3] Employer appealed to this Court.[4]

Employer argues that the Board erred by affirming the WCJ's determination that Claimant was in the course and scope of his employment at the time of his injury. Specifically, Employer contends that because Claimant took the work truck home for his own convenience, and his work assignment had been completed when he dropped Diaz off at his home, Claimant was not on a special mission at the time of his injury. We agree.

Initially, "[i]t is well-settled that the determination of whether an employee is in the course of his employment at the time of an injury is a question of law to be decided based upon findings of fact." *Stillman v. Workmen's Comp. Appeal*

---

[3] Although the Board quashed Claimant's cross-appeal on the grounds that it was untimely, that conclusion overlooks the fact that Claimant had no right to appeal to the Board because he was not aggrieved by the WCJ's order. *See Byfield v. Workers' Comp. Appeal Bd. (Phila. Housing Auth.),* ___ A.3d ___, ___ (Pa. Cmwlth. No. 2002 C.D. 2015, filed July 26, 2016), slip op. at 8 ("[A] party who prevailed in a proceeding below is not an aggrieved party and, consequently, has no standing to appeal."). Thus, the Board erred in quashing Claimant's appeal as untimely. However, this ruling does not affect our decision herein.

[4] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

*Bd. (CBR Enters.),* 569 A.2d 983, 989 (Pa. Cmwlth. 1990). "The claimant bears the burden of proving his injuries were sustained in the course and scope of his employment. Whether a claimant was acting within the course and scope of his employment when his injury occurred is a question of law and is reviewable de novo." *Holler v. Workers' Comp. Appeal Bd. (Tri Wire Eng'g Solutions, Inc.),* 104 A.3d 68, 70 n.3 (Pa. Cmwlth. 2014) (citation omitted).

Further "[t]he fact that [C]laimant was injured while traveling home in [E]mployer's vehicle does not automatically support a conclusion of law that the injury occurred in the course of employment." *Steckel v. Workers' Comp. Appeal Bd. (Have-A-Vend, Inc.),* 53 A.3d 946, 950 n.3 (Pa. Cmwlth. 2012) (quoting *Wachs v. Workers' Comp. Appeal Bd. (Am. Office Sys.),* 884 A.2d 858, 863 (Pa. 2005)). "Where a claimant is performing the regular duties of his employment, the claimant is not on a special mission for his employer." *Wells Fargo Co. v. Workers' Comp. Appeal Bd. (Pacheo),* 764 A.2d 1147, 1150 (Pa. Cmwlth. 2000).

Moreover,

> the 'going and coming rule' holds that an injury or death sustained by an employee traveling to or from a place of employment does not occur in the course of employment; thus, it is not compensable under the [Workers' Compensation] Act [(Act)[5]].[6] *Biddle v. [Workers' Comp. Appeal Bd.] (Thomas Mekis & Sons),* . . . 652 A.2d 807, 809 ([Pa.] 1995); *Village Auto Body v. [Workers' Comp. Appeal Bd.] (Eggert),* 827 A.2d 570, 573 (Pa. Cmwlth. 2003). However, such an injury or death will be considered to have been sustained in the course of employment and thus is compensable under the Act if one of the following exceptions applies:

---

[5] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1-1041.4, 2501-2708.

[6] "[A] traveling employee is exempt from the going and coming rule[.]" *Holler v. Workers' Comp. Appeal Bd. (Tri Wire Eng'g Solutions, Inc.),* 104 A.3d 68, 71 (Pa. Cmwlth. 2014).

1) claimant's employment contract includes transportation to and from work;

2) claimant has no fixed place of work;

3) **claimant is on a special mission for employer**; or

4) special circumstances are such that claimant was furthering the business of the employer.

*Biddle,* [652 A.2d] at 809 (citation omitted); *Rox Coal* [*v. Workers' Comp. Appeal Bd. (Snizaski)*], [768 A.2d 384,] 386 [(Pa. Cmwlth. 2001)]; *Wells Fargo Co. . . .* 764 A.2d [at] 1150 . . . ; *City of Phila*[.] *v.* [*Workers' Comp. Appeal Bd.*] *(Stewart),* 728 A.2d 431, 432 (Pa. Cmwlth. 1999).

*Wachs,* 884 A.2d at 861-62 (emphasis added).

Here, the WCJ determined that the special mission exception applied because Claimant took Diaz home in Employer's truck with Employer's permission. The Board affirmed the WCJ's ruling concluding that Claimant had not completed his special mission at the time of the injury because the mission included picking up Diaz the next day. The WCJ did not make such a finding; the WCJ merely found that Claimant testified to it. *See* WCJ Dec. at 7, Finding of Fact 5. However, Diaz testified that he would be picked up by his boss the next morning. *See* Reproduced Record (R.R.) at 175a-176a.

Claimant maintains that because his boss asked him to take Employer's truck home and transport Diaz to and from the job site, Claimant was on a special mission at the time he was injured. Employer rejoins that since the WCJ did not find as a fact that Employer asked Claimant to take Employer's truck home, or to drop off or pick up Diaz, it was not a special mission.

The WCJ expressly

reject[ed] as not credible [] Claimant's testimony that [] Pineda directed him to take the company truck home on the date of injury. . . . As to this issue [**the WCJ**] **accept**[**ed**]

> **the testimony of [] Pineda that [] Claimant asked to take the truck home for his own convenience** to be more credible.

WCJ Dec. at 9 (emphasis added).  Further, the WCJ opined:

> Claimant initially takes the position that the vehicle-pedestrian accident in this case was in the course and scope of employment because [] Claimant was directed to take the company truck home by his supervisor.  Based on my credibility findings **I reject [] Claimant's argument that he was directed to take the truck home**.  **However, [] Claimant was on a special mission with the knowledge of his supervisor**.  Rather than requiring someone to travel from Camp Hill to Thurmont, Maryland to pick up [] Diaz and drive him home or back to the Camp Hill location, [] **Claimant offered to take [] Diaz home and [] Pineda accepted**.  While it could be argued this was consideration for allowing [] Claimant to take the truck home, it nevertheless furthered [] Employer's business interest because [] Employer had a responsibility to get [] Diaz back to Camp Hill.  **Because the special mission placed [] Claimant at the time and in the place the injury occurred, the injury was in the course and scope of employment**.

*Id.* (emphasis added).

Essentially, the WCJ concluded that because Claimant dropping off Diaz benefited Employer, Claimant was on a special mission on his way home from doing so.  First, "under the special mission exception, one must be '*on* a mission' **for** his employer[,]" for the exception to apply.  *Fonder v. Workers' Comp. Appeal Bd. (Fox Integrated),* 842 A.2d 512, 515 (Pa. Cmwlth. 2004).  Here, the WCJ expressly concluded that **Employer did not direct Claimant to take its truck home or to drop off Diaz on the way**.  *See* WCJ Dec. at 9.  Further, since an employee must actually be in the process of performing the special mission at the time of the injury in order to fall under the exception, *Fonder*, even assuming Claimant was on a special mission, the mission ended when he left Diaz in Hagerstown.  Claimant admitted that his work day ended when he testified that he clocked out after he dropped off Diaz.

6

R.R. at 101a. *See Camiolo v. Workers' Comp. Appeal Bd. (Am. Bank Notes),* 722 A.2d 1173 (Pa. Cmwlth. 1999) (injury did not occur in the course of employment when it occurred after claimant clocked out); *see also Agrila v. Workmen's Comp. Appeal Bd. and Lit Brothers Co.,* 397 A.2d 448 (Pa. Cmwlth. 1979) (injuries sustained after claimant clocked out were not in the course of employment).

Moreover, the Board compounded the WCJ's error by finding facts not made by the WCJ,[7] *i.e.*, the Board concluded that Claimant's special mission was dropping off **and picking up** Diaz. *See* Board Op. at 8. Even if the WCJ found as a fact that taking Diaz from Hagerstown back to Thurmont the next morning was part of the special mission, because Claimant was returning home between missions, his return home to Chambersburg still did not constitute a special mission. *Fonder,* 842 A.2d at 515 ("[c]laimant, however, asserts only that he was '***between* missions**.' . . . Thus, by the language of his own argument, he does **not** bring himself within the rule."). Accordingly, the WCJ's findings do not support the legal conclusion that Claimant was in the course and scope of his employment at the time of Claimant's injury. Thus, we hold that the Board erred in affirming the WCJ's conclusion that Claimant was on a special mission for Employer at the time he sustained his injuries.[8]

Finally, the record evidence does not support application of the other exceptions to the coming and going rule. Claimant had the burden of proving his injuries were sustained in the course and scope of his employment. *Holler.* Whether Claimant met his burden is a question of law reviewable by this Court de novo. *Id.*

---

[7] "The law is well established that '[t]he WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight.'" *Dixon v. Workers' Comp. Appeal Bd. (Medrad, Inc.),* 134 A.3d 518, 524 (Pa. Cmwlth. 2016) (quoting *Univ. of Pa. v. Workers' Comp. Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011)).

[8] *See Green v. Workers' Comp. Appeal Bd., (US Airways),* 28 A.3d 936, 942 (Pa. Cmwlth. 2011) ("The Board's subsequent conclusions . . . served only to compound the error. Clearly, the WCJ found [otherwise]. Thus, we hold that the Board erred in affirming the WCJ's [decision].").

Here, the employment contract exception does not apply because Claimant was not paid for coming and going from Employer's office where he started and ended his work days.[9] *See Wachs.* The no fixed workplace exception does not apply because although the assignment locations would change, the starting and ending place, *i.e.,* Employer's office, was always the same. Even assuming, *arguendo*, that Employer's office was not a fixed workplace, there was no evidence presented regarding whether Claimant would go from job site to job site after leaving Employer's office, or if he would be assigned to one job site until that particular job was completed. *See Bensing v. Workers' Comp. Appeal Bd. (James D. Morrissey),* 830 A.2d 1075 (Pa. Cmwlth. 2003). The special circumstances "exception was [] found to arise where there is some special duty undertaken for, and directed by, the employer. . . . [T]his duty must not be an act done for the mere convenience of the employee, but by order of the employer, express or implied." *Peterson v. Workers' Comp. Appeal Bd. (PRN Nursing Agency),* 597 A.2d 1116, 1120 (Pa. 1991). Because the WCJ determined that Employer did not direct Claimant to drop off Diaz and Claimant took the truck home for his own convenience, this exception does not apply.[10] Since none of the remaining going and coming rule exceptions apply to this case, we are constrained to hold that Claimant was not, as a matter of law, in the course and scope of his employment at the time he was injured. *Wachs.*

---

[9] *See* R.R. at 97a-98a.

[10] Claimant also argued that he was a traveling employee. However, Claimant's argument was not adequately developed. The law is well-established that when issues in a brief are not adequately developed, this Court will not consider the merits of the issue. *Am. Rock Mech., Inc. v. Workers' Comp. Appeal Bd. (Bik & Lehigh Concrete Tech.),* 881 A.2d 54 (Pa.Cmwlth.), *pet. for allowance of appeal denied,* 891 A.2d 734 (Pa. 2005). Because we decline to become Claimant's counsel, we will not consider this issue. *See Rapid Pallet v. Unemployment Comp. Bd. of Review,* 707 A.2d 636 (Pa. Cmwlth. 1998).

For all of the above reasons, the Board's order is reversed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Classic Landscaping, Inc., : 
                    Petitioner : 
                          : 
                v. : 
                          : 
Workers' Compensation Appeal : 
Board (Ramos), :    No. 2590 C.D. 2015
                Respondent : 

## O R D E R

AND NOW, this 3rd day of August, 2016, the Workers' Compensation Appeal Board's November 25, 2015 order is reversed.

_____
ANNE E. COVEY, Judge